UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMERSON JAVIER REYES
SINAY,

        Petitioner,

   v.                                                    Case No.:  2:26-cv-01076-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH *et al.*,

        Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are Emerson Javier Reyes Sinay's Petition for Writ of

Habeas Corpus (Doc. 1) and the government's response (Doc. 7).  For the below

reasons, the Court grants the petition.

Reyes Sinay is a native and citizen of Guatemala who entered the United

States as an unaccompanied child in 2020, and the Office of Refugee

Resettlement released him to the custody of his sister.  Reyes Sinay has a

pending asylum application and no criminal history.  On April 2, 2026, roving

Border Patrol agents arrested Reyes Sinay while he was heading home from

work and issued him a notice to appear.  Reyes Sinay is currently detained at

Alligator Alcatraz without an opportunity to seek release on bond.

Reyes Sinay claims he is entitled to a bond hearing as a member of the

class certified in *Maldonado Bautista v. Santacruz,* No.  5:25-cv-01873-SSS-

BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *amended and superseded by* 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).  The *Maldonado Bautista* court defined the class as follows:

> **Bond Eligible Class:** All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

2025 WL 3713987, at *32.  The court found the Department of Homeland Security's policy of categorically denying bond hearings to the class members unlawful, vacated the policy, and entered declaratory judgment in the class's favor.  The parties disagree whether *Maldonado Bautista* has preclusive effect. But even without *Maldonado Bautista*, the Court finds Reyes Sinay entitled to habeas relief.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Reyes Sinay.  The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge.  Reyes Sinay asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Reyes Sinay's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Reyes Sinay has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) and the Eighth Circuit's decision in *Herrera Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. 2026), which agreed with the government's interpretation of the INA. The decisions are not binding here, and they contradict the vast majority of district court opinions addressing the issue. The Court respectfully disagrees

The Court will thus order the respondents to either bring Reyes Sinay before an immigration judge for an individualized bond hearing within ten days or release him. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Reyes Sinay's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. But, to be clear, subjecting Reyes Sinay to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Reyes Sinay receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Emerson Javier Reyes Sinay's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

---

with the majorities' reasoning and finds Judge Douglas's and Judge Erickson's dissents more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

(1)     Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Reyes Sinay for an individualized bond hearing before an immigration judge or (2) release Reyes Sinay under reasonable conditions of supervision.  If the respondents release Reyes Sinay, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on April 27, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record